1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C23-5269-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Deborah H. seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in evaluating her testimony and the medical opinion evidence. Dkt. 9. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 58 years old, has a high school education, and has worked as an insurance clerk, administrative clerk, and customer service representative. Tr. 43, 57, 252. She applied for benefits in December 2019, alleging disability as of April 2018. Tr. 252, 258. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on February 25, 2022, issued a decision finding plaintiff not disabled. Tr. 29-44. The Appeals

Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; that plaintiff had the following severe impairments: degenerative disc disease, diabetes mellitus, obesity, unspecified depressive disorder, unspecified anxiety disorder, posttraumatic stress disorder, and alcohol use disorder; and that these impairments did not meet or equal the requirements of a listed impairment. Tr. 31-32. The ALJ found that plaintiff had the residual functional capacity to perform less than the full range of light work as follows: she can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds; she can stand/walk for two hours only in an eight-hour workday with unlimited sitting; she can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she can frequently be exposed to extreme cold, heat, and hazards such as unprotected heights and dangerous machinery; she can work in an environment where there is no conveyor belt-paced production requirements and where standard work breaks are provided. Tr. 35. The ALJ found that plaintiff could perform her past relevant work as an insurance clerk, administrative clerk, and customer service representative and that she was therefore not disabled. Tr. 43-44.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

### A.    Plaintiff's Testimony

Plaintiff argues that the ALJ failed to give valid reasons for discounting her testimony. Dkt. 9 at 3. Where, as here, the ALJ did not find plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). A conclusory statement rejecting a claimant's testimony that fails to identify specifically which statements the ALJ found not credible and why is not sufficient to reject a claimant's testimony, even when that statement is followed by a summary of the evidence. *Id.*

The ALJ made an overall finding that plaintiff's statements about her symptoms were not entirely consistent with the medical and other evidence in the record, and that inconsistencies and other facts present in the evidence that undermine the persuasiveness of plaintiff's reports. Tr. 37. The ALJ first discussed plaintiff's December 2019 function report. Tr. 37. The ALJ noted

that in this report, plaintiff stated that she uses public transportation, washes the dishes, goes shopping in stores, does the laundry, sweeps, goes on walks, cleans the bathroom, prepares her own meals, pays bills, uses a checkbook, handles a savings account, counts change, walks her granddaughter to school, reads, helps her granddaughters with their homework, spends time with others, colors, does not need and help or reminders to take her medicine, watches television, crochets, plays with her granddaughters, does not need to be reminded to go places, finishes what she starts, does not need someone to accompany her when she goes out, follows written instructions well, has no problems getting along with authority figures, has never been fired or laid off from a job due to problems getting along with others, can handle change, does not need special reminders to take care of her personal needs and grooming, and has no problem getting along with family, friends, neighbors, or others. Tr. 302-09. The ALJ concluded that these "substantial daily activities are inconsistent with the claimant's allegations of disabling symptoms and limitations." Tr. 37.

Plaintiff argues that the ALJ did nothing more than list the activities plaintiff described in her function report and that he failed to consider plaintiff's statements about the frequency at which she performed these activities and the difficulties she had doing them. Dkt. 9 at 5.

An ALJ may consider a claimant's daily activities when evaluating her credibility. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). But daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ summarized plaintiff's daily activities as described in her function report. But the ALJ's summary of the function report failed to identify how the listed activities were inconsistent with or undermined plaintiff's testimony, did not identify any activities that met the

1  threshold for transferrable work skills, and failed to consider plaintiff's statements in the report

2  about her limitations in performing the activities. The ALJ's conclusory statement, lacking any

3  connection to plaintiff's testimony, failed to identify what testimony the ALJ found not credible

4  or specify a reason for that finding. This is insufficient to permit this Court to review the ALJ's

5  reasons for discounting plaintiff's testimony and constituted harmful legal error.

6      The ALJ next found that plaintiff's occasional allegation of needing to use a cane or

7  walker to ambulate was inconsistent with the record. Tr. 37. The ALJ noted that from September

8  2018 through May 2020, plaintiff's gait was recorded as normal and/or steady, with no use of an

9  assistive device. *Id.* The ALJ found that plaintiff made three separate reports of knee injuries,

10  once to her left knee and twice to her right knee, between March 2020 and June 2020, with no

11  finding of significant injuries after these events. *Id.* The ALJ found that plaintiff nevertheless

12  alleged that she needed to use a walker and began using one, and that she later alleged that she

13  had torn her left ACL/meniscus and was using the walker for that injury, despite previously

14  stating she was using the walker for a right knee injury. *Id.* at 37-38. The ALJ found that plaintiff

15  had an antalgic gait at a consultative examination for disability benefits, but other visits in 2020

16  and 2021 showed her a normal gait. Tr. 38. And the ALJ found that a mention of a lateral

17  meniscus injury of the right knee appeared to be a working diagnosis for seeking an MRI, but no

18  MRI occurred and there was no further proof of such an injury. *Id.* The ALJ concluded that these

19  inconsistences and unsupported allegations significantly reduced the persuasiveness of plaintiff's

20  allegations. *Id.*

21      Plaintiff argues that the ALJ's findings are unsupported by the evidence in the record.

22  Dkt. 9 at 7. Plaintiff first asserts that the ALJ's observation that plaintiff did not need or use an

23  assistive device between 2018 and May 2020 did not conflict with her allegations about her need

1   to use an assistive device after that time. Dkt. 9 at 7. Plaintiff next argues that the records the

2   ALJ cited to do not support the ALJ's conclusion that plaintiff's use of an assistive device was

3   inconsistent with the record. *Id.* Plaintiff points to records from May 2020, where emergency

4   room providers found no obvious fracture or injury to plaintiff's right knee but placed plaintiff in

5   a knee immobilizer and recommended use of a walker, as crutches would not be a safe option for

6   her. Tr. 962. In June 2020, John W. Bellatti, M.D., ordered an MRI to further diagnose a tear of

7   lateral meniscus of the right knee and prescribed a four-wheel walker with seat. Tr. 971-72.

8   These records undermine the ALJ's finding that plaintiff began using a walker based solely on

9   her own allegations. Instead, this evidence shows that plaintiff began using a walker based on her

10  providers' recommendation and/or prescription. The ALJ's finding regarding plaintiff's use of a

11  walker is unsupported by the evidence was not a valid reason to discount her testimony.

12      The ALJ next found that the record failed to provide strong support for plaintiff's

13  allegations of disabling symptoms and limitations, finding that plaintiff's allegations were not

14  consistent with the objective medical evidence and that the medical findings do not support the

15  existence of limitations greater than those in the RFC finding. Tr. 38. The ALJ followed this

16  finding with a lengthy recitation of the medical evidence. Tr. 38-40.

17      Plaintiff argues that the ALJ simply summarized the evidence, making no effort to

18  distinguish between findings that support plaintiff's allegations and those that were inconsistent

19  with them or engage in any analysis of the evidence. Dkt. 9 at 9-10. The Court agrees. As noted

20  above, an ALJ's assessment of a claimant's testimony must be specific enough to enable a

21  reviewing court to determine whether the ALJ rejected the testimony on permissible grounds.

22  *Brown-Hunter*, 806 F.3d at 493. Where an ALJ simply states her non-credibility conclusion and

23

1  then summarizes the medical evidence, this fails to provide an explanation or a specific reason

2  for the finding that this Court can review. *Id.*

3        Here, although the ALJ provided a lengthy summary of the medical evidence, the ALJ

4  failed to make any connections between the evidence and plaintiff's testimony or explain exactly

5  how the evidence supported his conclusion about plaintiff's testimony. This was legal error. And,

6  because the ALJ failed to provide sufficient reasoning for the Court to determine if the ALJ's

7  findings were supported by substantial evidence, the Court cannot say that the error was

8  harmless. *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (citing *Treichler v. Comm'r Soc.*

9  *Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). Accordingly, the ALJ must reevaluate

10  plaintiff's testimony on remand.

11        **B.      Medical opinions**

12        Plaintiff argues that the ALJ erred in his weighing of the medical opinions. Dkt. 9 at 11.

13  When considering medical opinions (for applications filed on or after March 27, 2017), the ALJ

14  considers the persuasiveness of the medical opinion using five factors (supportability,

15  consistency, relationship with claimant, specialization, and other), but supportability and

16  consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2),

17  (c) (2017). The ALJ must explain in her decision how she considered the factors of

18  supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not

19  required to explain how she considered the other factors, unless the ALJ finds that two or more

20  medical opinions or prior administrative medical findings about the same issue are both equally

21  well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3),

22  416.920c(b)(3) (2017). The new regulations supplant the hierarchy governing the weight an ALJ

23  must give medical opinions and the requirement the ALJ provide specific and legitimate reasons

1   to reject a treating doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). An

2   ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an

3   explanation supported by substantial evidence. *Id.*

4        Kimberly Wheeler, Ph.D., examined plaintiff in December 2019. Tr. 1151. She opined

5   that plaintiff had marked impairment in the ability to perform activities within a schedule,

6   maintain regular attendance, and be punctual within customary tolerances without special

7   supervision; adapt to changes in a routine work setting; communicate and perform effectively in

8   a work setting; and complete a normal workday and work week without interruptions from

9   psychologically based symptoms; as well as moderate impairment in a number of functional

10  areas and an overall severity rating of marked. Tr. 1153.

11       Lynette McLagan, PAC, conducted a psychiatric disability evaluation in August 2021.

12  Tr. 1142. She opined that plaintiff was able to understand, remember, and carry out simple and

13  complex instructions; she was able to sustain concentration and persist in work-related activity at

14  a reasonable pace, including regular attendance at work and completing work without

15  interruption; and was able to interact with coworkers, superiors, and the public and adapt to the

16  usual stresses encountered in the workplace. Tr. 1149.

17       State agency medical consultants Howard Platter, M.D., and Robert Handler, M.D.,

18  evaluated the record in May 2020 and August 2021. Tr. 85, 101, 120, 148. They opined, in

19  relevant part, that plaintiff would not have any limits in her ability to attend work or interact with

20  others. Tr. 97-98, 141-42.

21       The ALJ found Dr. Wheeler's opinion not persuasive, finding that the opinion was not

22  supported by Dr. Wheeler's own examination, which showed depression and difficulty

23  concentrating but otherwise normal mental status examination. Tr. 42. The ALJ also found that

Dr. Wheeler's opinion was inconsistent with the medical records and mental status examinations showing alertness, orientation times three, appropriate behavior, normal thought processes, normal attention, grossly intact memory, normal concentration, normal insight, normal fund of knowledge, normal speech, a happy mood, and a normal affect. *Id.*

The ALJ found P.A. McLagan's opinion persuasive, finding that it was supported by her examination of plaintiff, which showed good concentration, normal speech, alertness, calmness, normal thought processes, normal attention, normal insight, good interaction, and the ability to follow simple and more complex interview questions easily. Tr. 41. The ALJ further found that P.A. McLagan's opinion was consistent with medical records and mental status examinations indicating tearfulness, depression, anxiety, and posttraumatic stress disorder, but alertness, orientation, appropriate behavior, appropriate speech, normal thought content, a happy mood, grossly intact memory, and a normal affect. *Id.* The ALJ also found the opinion persuasive because P.A. McLagan is a doctor[2] and expert in her field. *Id.*

The ALJ found the opinions of the state agency medical consultants persuasive, finding that they were supported by a thorough review of the records available to them at the time of their opinions, except for the portions of their opinions on plaintiff's need to alternate between sitting and standing. Tr. 41-42.

Plaintiff argues that the ALJ erred in assessing the medical opinions about to her ability to maintain attendance and interact with others, asserting that if the ALJ had accommodated the limitations in these areas opined by Dr. Wheeler, the ALJ would have found that she was unable to perform her past work and was disabled under the medical-vocational guidelines ("the grids").

---

[2] The Court notes that P.A. McLagan is a physician's assistant and not a medical doctor. Tr. 1149.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

1   Dkt. 9 at 11-12. She argues that the ALJ relied on isolated observations from encounters

2   unrelated to mental health and failed to consider mental health treatment notes when assessing

3   the opinions. Dkt. 9 at 13.

4       In finding Dr. Wheeler's opinion unsupported by her own examination, the ALJ found

5   that Dr. Wheeler based her opinion on plaintiff's subjective complaints of worry, stress,

6   depression, low energy, less interest in socializing, and difficulty focusing and concentrating. Tr.

7   42. An ALJ may not substitute her own interpretation of the medical evidence for the opinion of

8   a medical professional. *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). And an ALJ

9   does not provide a valid reason for rejecting a medical opinion by questioning the credibility of

10  the patient's complaints where the doctor does not discredit those complaints and supports her

11  ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir.

12  2001). Here, the ALJ failed to account for Dr. Wheeler's findings on mental status examination

13  of expression of considerable guilt and shame, dysphoric mood, flat affect, and unreliable

14  concentration. Tr. 1154-55. The ALJ instead discounted Dr. Wheeler' clinical findings and

15  observations in favor of the ALJ's own interpretation of the evidence. The ALJ's reason for

16  finding the opinion unsupported is not supported by substantial evidence.

17      In finding Dr. Wheeler's opinion inconsistent with the record, the ALJ cited primarily to

18  treatment notes from plaintiff's visits to the ER for complaints unrelated to mental health, such

19  as leg swelling and lice. Tr. 509 (leg swelling), 660 (alcohol abuse and head lice), 961 (knee

20  injury). The ALJ also cited to two primary care notes where plaintiff presented to address alcohol

21  treatment and knee pain, and to P.A. McLagan's assessment. Tr. 926, 1147, 1368. The ALJ

22  failed to cite to any mental health treatment records when assessing the consistency of Dr.

23  Wheeler's opinion with the other evidence in the record. The ALJ's reliance on minimal records,

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10

most of which were unrelated to mental health, failed to provide substantial evidence to support the ALJ's finding that the opinion was inconsistent with the record. This is particularly true where there were ample mental health treatment records available to evaluate the consistency of the opinion. The ALJ's finding that Dr. Wheeler's opinion was inconsistent was not supported by substantial evidence.

The ALJ's reasons for finding Dr. Wheeler's opinion unpersuasive were not supported by substantial evidence. This constituted harmful legal error in the weighing of the medical opinions and requires that the ALJ reweigh the opinions on remand.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's testimony and reweigh the medical opinions. The ALJ shall further develop the record and redo the five-step disability evaluation process as needed to make a new decision.

DATED this 1st day of November, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11